## VOLUME 107,

AND

## New York State Reporter,

## VOLUME 141.

(56 Misc. Rep. 437.)

### HILL et al. v. MULLER et al.

(Supreme Court, Appellate Term. November 29, 1907.)

MOTIONS—VACATION OF ORDERS—PROCEDURE.

Where, on granting a motion to vacate a judgment against defendant, defendant's attorney presented to the justice an order vacating the same, which order was entered and filed, and plaintiff's attorney, without knowledge that an order had already been signed, also presented an order, which was entered and filed, the correct course was to move to vacate the order entered by mistake, and not for the justice to destroy one of the orders, though he believed that both parties were represented and that tacit consent was given to his act.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Motions, § 73.]

Appeal from City Court of New York, Special Term.

Action by Hugh Hill and another, copartners, against Charles Muller and another. From an order denying defendant Muller's motion for leave to file with the clerk of the City Court the copy of an order in place of the original which was destroyed, defendant appeals. Reversed, and motion granted.

See 103 N. Y. Supp. 96; 105 N. Y. Supp. 1120.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

John Oscar Ball (A. P. Bachman, of counsel), for appellant.

ERLANGER, J. Judgment having been entered by plaintiff against the defendant Charles Muller without right so to do, a motion was promptly made to obtain a vacatur thereof, which motion was granted,

107 N.Y.S.—1

and thereupon his attorney presented to the justice an order vacating such judgment and directing the clerk of the court to cancel the same of record. This order was entered and filed on December 27, 1906. On the·same day the attorney for the plaintiff, without knowledge that an order had already been signed, presented an order prepared by him, and this second order was entered and filed. On the following day the attorney for the defendant caused a copy of his order to be made, and when this was done, he also caused a copy, with notice of entry thereof, to be served in the usual way on plaintiff's attorney. The latter then for the first time discovered that two orders had been signed, and he at once informed the justice of the condition of affairs, whereupon said justice sent for both orders, and, after an examination of each, selected the one which in his view accorded with his decision, and then and there, in the presence of the representatives of both sides, destroyed the other and caused the clerk of the court to be informed of his act. Counsel for defendant claims that the clerk present at the destruction of the order had no authority to represent him, and he at once moved the court for an order for leave to file a copy in place of the original which had been so destroyed. From the order denying such leave, defendant appeals.

The affidavits are conflicting as to what occurred at the time; but there is no doubt that when the justice destroyed the order he believed, and had good reason to believe, that both sides were represented and that tacit consent was given to his act. This practice, however, was not the usual one to pursue. The correct course was to apply to the court on motion to vacate the one which had been entered by mistake. An order, once signed and entered, becomes a record of the court in which it is filed, and, until vacated, forms part of the history of the case.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.